```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE:

L&L WINGS, INC.,                                           Chapter 11

                Debtor.
-------------------------------------------------------x

MARCO DESTIN, INC., PANAMA SURF &
SPORT, INC., E&T, INC.,

                Appellants,

        v.                                                 No. 22-CV-1082-LTS

L&L WINGS, INC.,

                Appellee.
-------------------------------------------------------x
```

### MEMORANDUM OPINION AND ORDER

        Marco Destin, Inc. ("MDI"), Panama Surf & Sport, Inc., and E&T, Inc., (together, "Appellants") appeal from the January 21, 2022 Order of the United States Bankruptcy Court for the Southern District of New York denying Appellants' motion seeking relief from the automatic stay pursuant to 11 USC section 362(d).  (See Appellants' App'x at 1 ("Lift Stay Denial Order").) Appellants assert that the bankruptcy court erred as a matter of fact and as a matter of law when it denied them "limited stay relief" to bring a fraud-on-the-court action against the principals of L&L Wings ("Debtor" or "Appellee") and name the Appellee solely as a "nominal party" in the contemplated lawsuit.[1]  Appellee L&L Wings moves to dismiss this appeal as (1) violative of the

---

[1] This is one of two related appeals before the Court.  Appellants also filed a proof of claim in the bankruptcy case incorporating the fraud-on-the-court action; the Bankruptcy Court order expunging that claim is the subject of the other appeal.  See In re L&L Wings, Inc.,

Confirmation Injunction in the Debtor's Third Amended Plan of Reorganization (the "Plan"), as approved by the bankruptcy court's March 1, 2022 Confirmation Order; (2) violative of the Chapter 11 discharge of the Appellee pursuant to 11 USC section 1141(d) and 11 USC section 524(a)(2); and (3) equitably moot.  The Court has jurisdiction of this appeal pursuant to 28 USC section 158(a).

The Court has reviewed carefully all of the parties' submissions and, for the following reasons, grants Appellee's motion to dismiss the appeal.[2]

## BACKGROUND

As the factual record is extensive and encompasses multiple pre-petition lawsuits, the Court provides an abbreviated recitation of the background and discusses primarily those facts that are relevant to the disposition of this appeal.  Appellee L&L Wings's business, launched in 1978, is comprised of retail stores offering beach wear and sundry items, and it historically operated under the tradename, trademark, and service mark WINGS.  (See docket entry no. 30 ("Rattet Decl.") ¶ 13.)  In 1993, L&L Wings and an unrelated third party, Shepard Morrow, entered into a license agreement (the "Morrow License"), which contemplated that L&L Wings would license the WINGS mark to other third parties.  (Id. ¶ 14.)  On November 1, 1998,

---

No. 22-CV-4058-LTS (S.D.N.Y.).  Separately, Appellants filed their contemplated suit in the district court, albeit without naming L&L Wings as a defendant, and that case is also before this Court.  See Marco-Destin, Inc. v Levy, No. 22-CV-8459-LTS (S.D.N.Y.).

[2]  Pursuant to Federal Rule of Bankruptcy Procedure 8019, oral argument must be allowed in a bankruptcy appeal unless the district judge "examine[s] the briefs and record and determine[s] that oral argument is unnecessary because (1) the appeal is frivolous; (2) the dispositive issue or issues have been authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Following its review of the briefs and the record, the Court finds that they adequately present the facts and issues, and that oral argument would not significantly aid the decisional process.  Therefore, the Court decides the appeal on the papers.

L&L Wings granted such a license to Appellant MDI (the "MDI License"). (Id. ¶ 15.)

Relations between L&L Wings and MDI eventually soured and, on May 29, 2007, L&L Wings sued MDI in the United States District Court for the Southern District of New York for, inter alia, breach of the MDI License, infringement of the WINGS trademark, and trade dress infringement. (Id. ¶ 17; see also L&L Wings, Inc. v Marco-Destin, Inc., No. 07-CV-4137-BSJ-GWG (S.D.N.Y.).) That court granted partial summary judgment in favor of L&L Wings twice, and dismissed all of MDI's counterclaims, after which the parties settled, and the court entered a Stipulated Order of Settlement and Dismissal terminating the action on February 15, 2011. (See Rattet Decl. ¶¶ 18-20; ; see also Appellants' App'x at 348-355 ("2011 Settlement Order").) By the terms of the order, MDI agreed to pay L&L Wings $3,500,000; cease the use of the WINGS mark and trade dress; and waive and release all claims against L&L Wings. (See id. ¶ 20; see also 2011 Settlement Order.)

Just a few months after the judgment was entered in the S.D.N.Y. action, an unrelated third party, Beach Mart, Inc. ("BMI"), sued L&L Wings in the United States District Court for the Eastern District of North Carolina for, inter alia, damages related to the WINGS mark. (See Rattet Decl. ¶¶ 6, 22-24; see also Beach Mart, Inc. v. L&L Wings, Inc., No. 11-CV-44-FL (E.D.N.C.).) The North Carolina litigation addressed the extent of L&L Wings's and BMI's rights and title in the WINGS mark, and whether L&L Wings's registrations of the mark ought to be cancelled because L&L Wings had allegedly procured them fraudulently. (See Rattet Decl. ¶ 24.) Nearly seven years later, in March 2018, the BMI Court granted L&L Wings partial summary judgment. (See id. ¶ 32.) The United States Court of Appeals for the Fourth Circuit reversed that judgment, and the BMI case proceeded to trial thereafter. (Id. ¶¶ 33-34.) On November 16, 2020, the jury rendered a verdict in favor of BMI, and, on March 25, 2021, the

district court issued a judgment against L&L Wings in the aggregate amount of $15,749,313,41. (Id. ¶¶ 35-36.)  The Court held (1) that BMI had proven by clear and convincing evidence that L&L Wings had fraudulently obtained the two registrations of the WINGS mark from the United States Patent and Trademark Office; and (2) that BMI had proven by a preponderance of the evidence that it was Morrow who owned the WINGS mark, and that the Morrow License between L&L Wings and Morrow was not terminated and remains in effect.  (See Appellants' App'x at 357-59 ("BMI Judgment").)

On April 24, 2021, approximately one month after the BMI Judgment was entered, Appellee L&L Wings filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  (See Rattet Decl. ¶ 9.)  On November 29, 2021, MDI filed its proof of claim in the bankruptcy case, asserting a contingent and unliquidated claim in connection with any relief it sought to obtain from the 2011 Settlement Order, including and without limitation, repayment by L&L Wings of the $3,500,000 settlement amount.  (See Appellants' App'x at 337-346 ("Claim 112").)  MDI asserted that the 2011 Settlement Order should be vacated and overturned on the basis of the BMI Judgment, because L&L Wings had fraudulently procured the WINGS mark.  (See id. at 344.)  On December 9, 2021, Debtor L&L Wings filed an objection to Claim 112, asserting, inter alia, that it is barred by the applicable statute of limitations, res judicata, and collateral estoppel.  (See id. at 360-372 ("Claim Objection").)  On December 31, 2021, MDI filed a motion requesting relief from the automatic stay pursuant to 11 USC section 362(d), so that it could seek vacatur of the 2011 Settlement Order and pursue its claim in the U.S. District Court for the Southern District of New York.  (See id. at 2-20 ("Lift Stay Motion").)  MDI represented that, if granted stay relief, it would file suit in the district court alleging that L&L Wings's

principals had committed fraud both on the district court and on MDI—in inducing it to enter the settlement agreement—in the prior S.D.N.Y. litigation. On January 11, 2022, L&L Wings filed its opposition to the Lift Stay Motion. (See id. at 518-549 ("Objection to Lift Stay Motion").)

On January 20, 2022, U.S. Bankruptcy Judge David S. Jones held a hearing on, inter alia, the Lift Stay Motion, and delivered his ruling from the bench, finding that the factors under In re Sonnax Indus., Inc., 907 F.2d 1280, 1283 (2d Cir. 1990), weighed against stay relief. (See id. at 653-767 ("Lift Stay Ruling Tr.").) He entered the Lift Stay Denial Order the following day, and Appellants timely appealed. Appellants did not, however, seek a stay of the bankruptcy proceedings pending appeal, nor did they object to the Debtor's subsequently proposed Third Amended Plan of Reorganization, or, ultimately, to the order confirming the Plan. Judge Jones entered the Confirmation Order on March 1, 2022. (See Rattet Decl. ¶ 51; see also Appellants' App'x at 511-517 ("Confirmation Order").) It has since become final and, according to the Debtor's uncontroverted proffer, the Plan has been substantially consummated. (See Rattet Decl. ¶ 52.)

## DISCUSSION

Appellants seek "limited relief" from the automatic stay in order to bring a fraud-on-the-court action against L&L Wings, as a "nominal" defendant, and its principals, as the intended defendants.[3] The Court holds that it is without power to order the relief requested, because the appeal is constitutionally moot.

It is axiomatic that Article III of the Constitution "denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). Under the "case or controversy requirement" of

---

3   As noted above, Appellants filed suit against L&L Wings's principals, following the Plan's confirmation.

Article III, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural."  Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 118 (2d Cir. 2001).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).  Once a case is moot, federal courts lack subject matter jurisdiction over it.  Fox v. Bd. of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994).

Turning to the procedural posture here, Appellants ask this Court, pursuant to 11 USC section 362(d), to modify the bankruptcy court's automatic stay, which barred them from commencing any action against the Debtor after the commencement of the Debtor's bankruptcy case.  Subsection (c)(2)(C) of that same statute provides, however, that an automatic stay "continues [only] until the earliest of . . . the time a discharge is granted or denied."  11 USC § 362(c)(2)(C) (emphasis added).  Under section 1141 of the Bankruptcy Code, "the confirmation of a plan . . . discharges the debt from any debt that arose before the date of such confirmation."  11 USC § 1141(d)(A) (emphasis added).  The automatic stay has thus expired.  The Bankruptcy Code further provides that a "discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor."  11 USC § 524(a)(2) (emphasis added).

Put simply, there is no longer a "real and live" automatic stay on which this Court can act.  Russman, 260 F.3d at 118.  Once the Confirmation Order confirming the Plan was entered in the bankruptcy case, the automatic stay was extinguished and replaced with a discharge injunction.  (See, e.g., Confirmation Order at 514 ("The Plan be and the same hereby, is confirmed pursuant to Sections 1129 and 1141 of the [Bankruptcy] Code.").)  Moreover, because Appellants at no point moved to appeal or otherwise challenge the Confirmation Order

that replaced the automatic stay with the discharge injunction, the Court does not and need not discuss any relief with respect to the permanent injunction.  See, e.g., Green v. Welsh, 956 F.2d 30, 32 (2d Cir. 1992) ("As Green now concedes, her motion was improper because the discharge had extinguished the stay, see 11 U.S.C. § 362(c)(2)(C) (1988), and replaced it with a permanent injunction under 11 U.S.C. § 524(a) (1988).").

That the automatic stay has been abrogated and superseded by a permanent injunction forecloses any relief from the stay.  The appeal is moot, the Court lacks subject matter jurisdiction of it, and therefore, it must be dismissed.

## CONCLUSION

For the foregoing reasons, Appellee's motion to dismiss the appeal is granted. This Memorandum Order resolves docket entry numbers 28 and 29 in case number 20-cv-1082. The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
       March 1, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge